MILTON HARVEY & ALS. EX'RS, *v.* ORREN HILLIARD.

A party to a suit does not make himself a competent witness by compelling the adverse party, who is an executor or administrator, to testify.

In determining whether injustice will be done by excluding the testimony of a party, the other being an executor or administrator, the court will not consider the affidavit of such party himself, but will decide wholly upon other testimony.

ASSUMPSIT upon a promissory note, signed by said Hilliard, dated August 22, 1861, payable to the deceased or bearer on demand with interest.

Defendant filed a confession of $11.34, and pleaded the general issue as to the residue.

It appeared that this note was given in settlement of a suit, which said Pitkin had brought against the defendant, in which writ there was a count for money had and received, and another for goods sold and delivered.   It was also shown that said Pitkin had, at that time, a note against said defendant for about $50, and a book account for goods sold and delivered, and that, on said settlement, said note was given up, but no credit was given on book.   Said suit was settled by said Pitkin ; said defendant, and one other person was present, who was at the time a clerk for said Pitkin, who testified that he did not remember the conversation at the time the settlement was made ; that the parties had some papers present, but he did not know what was included in the present note ; that he did not recollect that any of Pitkin's account was included, that he did not know how that fact was, nor did he know for what this note was given.   This witness is now one of the plaintiffs, an executor of Pitkin's estate, who testified under compulsion, upon the summons of the defendant, thereupon the defendant was offered as a witness ; plaintiff objected, and the court excluded him, and defendant excepted.

Then the defendant offered his own affidavit for the court to consider, in order to lay the foundation for his instruction as witness to the jury. This affidavit was such that, if received and believed by the court, in the

absence of any evidence on the other side, it would have made a case, for his admission under the statute, and the facts stated in the affidavit, if testified to before the jury and believed by them, must have satisfied them that the amount confessed by defendant was all that was due. The plaintiff objecting to the reception of this affidavit, or to any evidence not competent to be given to the jury by the court, it was rejected, and defendant excepted. There was a verdict for plaintiff for $62.15, which defendant moves to set aside.

*Ray*, for plaintiff.

Plaintiffs are executors, and did not elect to testify in this case. Nevertheless, the defendant sought to testify to sundry transactions which occurred between himself and the deceased, and in regard to which no person, save themselves, had any knowledge. Defendant sought to do this in order to evade the payment of his promissory note given to the deceased. We submit, this case comes precisely within the letter and spirit of our law, which forbids a living party ordinarily from testifying against an adversary who is dead.

Sec. 1, ch. 4074, Pamph. Laws, 1865, does not contemplate the admission of the living party to testify under the circumstances described here. The presiding judge in his discretion *might* have allowed the defendant to testify at the trial, but he declined to do so. This, we contend, is the end of the matter. If the discretion of the court below excludes a party from testifying, no exceptions can be saved in our view. It is only in cases where the court, in its discretion, *hears the party testify*, that the matter is subject to the revision of the full bench. If the rule were otherwise, still the court below ruled correctly. The discretion to admit the living party to be heard as a witness, is to be exercised only when it is clearly made to appear from the evidence that actual fraud and injustice will otherwise be done. See Pamph. Laws, *ibid*. Such fraud or injustice must appear in some other way than from the affidavit or testimony of the party asking to be sworn as a witness.

*Barker*, for defendant.

This is a matter of discretion with the court, and is to be exercised when its exercise will prevent injustice. Chap. 4074, Laws of 1865, page 3118.

The case finds that if the discretion in this case had been exercised, the verdict of $62.15 would have been reduced to $11.34, the amount confessed by the defendant. If the discretion is not exercised, the plaintiffs will recover over fifty dollars, to which they have no right. This, we submit, is *injustice*, in the sense in which the word is used in the statute.

The evidence mentioned in the statute is any evidence which is competent for the conscience of the court.

It is important as a matter of practice, that more definite rules should be established.

BELLOWS, J.    Where one party is an executor or administrator, the other party cannot testify unless such executor or administrator elects to testify, or consents that his adversary may do so.    Either party, however, may compel the other to testify; but if the executor or administrator do so upon compulsion by the adverse party, it is not an election in the meaning of the statute.    The term itself shows that it must be voluntary; and that conforms to the obvious policy of the statute, which is to withhold from the living party the right to give his account of a transaction, when the lips of the other party, whose statement in reply would ordinarily be essential to a safe and just decision, are closed by death or insanity.    If, however, his representative deems himself to have such knowledge of the matters in controversy as to make it prudent to offer himself as a witness, knowing that he thereby renders his adversary competent to testify, the law wisely removes the restriction; regarding it as just that if the executor or administrator should voluntarily choose to testify, the adverse party ought also to be admitted.    A construction which should enable the living party to become a witness by compelling the representative of the other to take the stand, when he in fact had no knowledge of the matters in controversy, would be a practical abrogation of that provision of the statute, and in direct opposition to its policy.

The remaining question arises upon the exclusion of the defendant's affidavit, to show that injustice would be done unless he was allowed to testify; the court finding that if such affidavit was received and believed by the court in the absence of any evidence on the other side, it would have made a case for admitting the defendant as a witness under the statute.

In the rejection of the affidavit, we think there was no error.    It is true that the evidence was addressed to the court, and for many purposes it would be received, notwithstanding the death of the other party, as upon applications for continuance, and many other matters that are merely interlocutory, and do not furnish the proofs upon which a verdict or decree is to be founded.    Here, however, the statements in the affidavit are, or may be, vital, because they may determine whether the living party shall be heard to tell his story, when the other cannot be heard in reply; and we think that the policy which ordinarily excludes such testimony on the final trial, will also exclude the testimony of such party on the question whether injustice may be done.    To allow the party to testify on that point, while the lips of the only one who could answer him are sealed, could not, we think, have been contemplated by the framers of this law; to receive it for that purpose, would, we think, go far to repeal a provision of the statute that is not only in a high degree salutary, but accords with the general policy of our legislation, and the long continued course of the courts of this State.    To justify the admission of the living party upon such ground, it must appear from testimony other than that of the party himself, that injustice will otherwise be done.

In *Chandler* v. *Davis*, Strafford county, December Term, 1867, a

construction was given to these provisions of our laws, and the doctrine of *Moore* v. *Taylor*, 44 N. H. 375, confirmed.

We are of the opinion, then, that the ruling of the court upon both points is correct, and there must be

*Judgment on the verdict.*